UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARCIE G.,<br>Plaintiff,<br>v.<br>COMMISSIONER OF SOCIAL SECURITY,<br>Defendant. | CASE NO. 3:26-cv-05285-GJL<br><br>SOCIAL SECURITY DISABILITY APPEAL ORDER |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Magistrate Judge Rule 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 2. This matter has been fully briefed. *See* Dkts. 10, 15, 16.

Having considered the Administrative Record (AR) and all memoranda, the Court concludes that the Administrative Law Judge (ALJ) committed harmful error in evaluating Plaintiff's severe impairments at Step Two. Accordingly, this matter is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g), to the Commissioner of the Social Security Administration for further proceedings consistent with this order.

//

## I. PROCEDURAL HISTORY

On August 29, 2023, Plaintiff filed applications for Title II Disability Insurance Benefits (DIB) pursuant to 42 U.S.C. § 423(a), and Title XVI Supplemental Security Income (SSI) pursuant to 42 U.S.C. § 1381(a). AR 90–91. Her claims were denied initially on April 15, 2024, and upon reconsideration on January 9, 2025. AR 90–93. The matter came on for hearing on July 29, 2025, and on September 12, 2025, ALJ Allen Erickson (the ALJ) issued a decision concluding that Plaintiff was not disabled. AR 17–28. The Appeals Council denied Plaintiff's request for review of the ALJ's decision on January 20, 2026, making the ALJ's decision the Commissioner's final decision subject to judicial review. AR 1. On March 27, 2026, Plaintiff filed a Complaint with this Court seeking judicial review of the ALJ's decision. Dkt. 4. Defendant filed the sealed Administrative Record in this matter on May 22, 2026. Dkt. 7.

## II. BACKGROUND

Plaintiff was born on October 8, 1975, and was forty years old on June 8, 2016, her alleged date of disability onset. AR 94. Plaintiff has at least a high school education. AR 20. According to the ALJ, Plaintiff suffers from the *medically determinable impairments* of: hyperlipidemia; anemia; vitamin d deficiency; hypertension; left spine degenerative joint disease; scoliosis; dry eye syndrome; astigmatism; osteopenia; neck pain; gastroesophageal reflux disease; heart palpitations; left knee pain; major depressive disorder; and generalized anxiety disorder. AR 20. The ALJ, however, found that Plaintiff "does not have a severe impairment or combination of impairments" at Step Two. AR 21. Consequently, the ALJ concluded that Plaintiff was not disabled. AR 27.

## III. DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of benefits if the ALJ's findings are based upon legal error or are not supported by substantial

evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019).

Plaintiff argues that the ALJ erred in evaluating: (1) her severe impairments at Step Two; and (2) her subjective symptom testimony. Dkt. 15 at 1.

**A. Step Two**

First, Plaintiff argues that the ALJ erred "when he failed to find Plaintiff's back impairment caused more than a slight limitation in her ability to perform basic work activities." *Id.* at 2. The Court agrees.

At Step Two of the Social Security evaluation process, an ALJ must determine "whether the claimant has a medically severe impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996); 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment is not severe if it does not "significantly limit" one's ability to conduct "basic work activities." 20 C.F.R. §§ 404.1522(a), 416.922(a). Basic work activities are defined as the "abilities and aptitudes necessary to do most jobs." *Id.* §§ 404.1522(b), 416.922(b). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual[']s ability to work.'" *Smolen*, 80 F.3d at 1290 (quoting *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) (adopting Social Security Ruling (SSR) 85-28)). "[T]he [S]tep-[T]wo inquiry is a de minimis screening device to dispose of groundless claims." *Id.*

Here, at Step Two, the ALJ found that Plaintiff had a multitude of *medically determinable impairments*, but that Plaintiff "does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to

perform basic work-related activities for 12 consecutive months; therefore [Plaintiff] *does not have a severe impairment* or combination of impairments." AR 21 (emphasis added). Plaintiff argues that the ALJ "did not adequately explain his conclusion that Plaintiff's back impairment was not severe at [S]tep [T]wo." Dkt. 10 at 10. The Court agrees.

As Plaintiff notes, the medical records indicate that, in 2022, "[t]enderness to palpation noted on lower lumbar and sacral area." AR 408.[1] In 2024, Plaintiff presented "for evaluation of back pain [and] stiffness in joints[,]" with "current[ ] symptoms . . . in lower back up and around," AR 439, and the medical provider "recommend[ing] reasonable restrictions on lifting [and] bending, but encourag[ing] [Plaintiff] to remain as mobile as possible." AR 437. Plaintiff was also referred to physical therapy for her back condition. *Id.*

Moreover, an x-ray of Plaintiff's spine in 2024 revealed "[d]extroscoliotic curvature of the lumbar spine with the apex at L2 . . . [f]acet arthropathy at L4-5 and L5-S1 . . . and [m]ultilevel mild osteophyte[,]" with an overall impression of "[m]ild-to-moderate degenerative changes of the lumbar spine." AR 504. In the decision, the ALJ also failed to discuss the medical opinion evidence provided by SAMC Dr. Siddiqui, who *also* noted "[m]ild-to-moderate degenerative changes of the lumbar spine[,]" AR 100, and Dr. Curtis, who noted that Plaintiff's "[l]ow back pain is aggravated by significant tightness of ligaments and muscles in the front of her hips pulling her pelvis into anterior tilt[,]" which "increases lordotic force on her lumbar spine, narrowing functionally the spinal canal and neural foramina" and Plaintiff "does not have sufficient lumbar extension flexibility to accommodate this." AR 566.

---

[1] Plaintiff concedes that, and "[a]s noted by the ALJ[,] between 2016 and 2024, there is only one treatment note for Plaintiff's back." Dkt. 10 at 4. Nonetheless, Plaintiff "testified that she had been homeless off and on, which may have contributed to her inability to seek treatment and maintain medical treatment." *Id.*

At bottom, the Court concludes that the ALJ erred in concluding that Plaintiff has not made the “de minimis” showing of functional impairments that *do have* “more than a minimal effect on [Plaintiff]’s ability to work.” *Smolen*, 80 F.3d at 1290 (citations and internal quotation marks omitted); *see also* SSR 85-28 (requiring “careful evaluation of the medical findings which describe the impairment” and noting that an ALJ may only find that a claimant lacks a medically severe impairment or combination thereof when this conclusion is “clearly established by the medical evidence”).

Here, “the ALJ’s conclusion of no severe medical impairment or combination of impairments was not supported by clearly established medical evidence. No rational trier of fact applying [S]tep [T]wo as a de minimis screening device would conclude that [P]laintiff has presented a groundless claim.” *Michael H. v. Comm’r of Soc. Sec.*, No. C25-5600-BAT, 2025 WL 3653290, at *7 (W.D. Wash. Dec. 17, 2025). For this reason, the Court concludes that the ALJ erred in concluding that Plaintiff’s back impairments were not a severe impairment at Step Two.

Harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless only if it is not prejudicial to the claimant or is “inconsequential” to the ALJ’s “ultimate nondisability determination.” *Stout v. Comm’r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115. The determination of whether an error is harmless requires a “case-specific application of judgment” by the reviewing court, based on an examination of the record made “‘without regard to errors’ that do not affect the parties’ ‘substantial rights.’” *Id.* at 1118–19 (citations omitted).

Applying the harmless error analysis, the Court concludes that, had the ALJ properly considered Plaintiff’s back impairments at Step Two, Plaintiff’s disability claim would have

proceeded beyond Step Two of the Social Security evaluation process, and Plaintiff's RFC, which the ALJ did not reach, may have included additional limitations derivative of Plaintiff's back condition. The ALJ's error, therefore, is not harmless, and the proper disposition is to reverse and remand the matter for further proceedings consistent with this order. *See Michael H.*, 2025 WL 3653290, at *1 (concluding that the ALJ "harmfully erred by determining none of the medically determinable impairments constituted a severe impairment or combination of impairments").

**B. Remaining Issues**

In light of this disposition, the Court need not address Plaintiff's remaining argument regarding his subjective symptom testimony because the ALJ must re-evaluate the entire sequential evaluation process on remand. *See* Social Security Ruling 96-8p, 1996 WL 374184 (1996) (an RFC "must always consider and address medical source opinions"); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("[A]n RFC that fails to take into account a claimant's limitations is defective."); *Watson v. Astrue*, No. ED-CV-09-1447-PLA, 2010 WL 4269545, at *5 (C.D. Cal. Oct. 22, 2010) (concluding the RFC and hypothetical questions posed to the vocational expert at Step Five were defective when the ALJ did not properly consider physicians' findings).

//

//

//

//

//

//

## IV. CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** AND **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Order.

Dated this 2nd day of November, 2026.

Grady J. Leupold
United States Magistrate Judge